UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SAMANTHA GRIFFIN,                           CASE NO.:

      Plaintiff,

vs.

HLA OVER GEORGIA, LLC, A
GEORGIA LIMITED LIABILITY
COMPANY, PRECIOUS YEMI,
Individually, and DANIEL
ADKINS, Individually.

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SAMANTHA GRIFFIN, by and through the undersigned attorney, sues Defendants, HLA OVER GEORGIA, LLC, a Georgia Limited Liability Company (hereinafter "HLA"), Precious Yemi, Individually (hereinafter "Yemi"), and Daniel Adkins, Individually (hereinafter "Adkins"), and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## PARTIES

2. Plaintiff worked for Defendants in Savannah, Georgia.

1

3. Defendant HLA is a Georgia Limited Liability Company which operates in Savannah, Georgia and is therefore within the jurisdiction of this Court.

4. Defendant Yemi is the Executive Director of HLA who directly supervised and managed Plaintiff at HLA in Savannah, Georgia and is therefore within the jurisdiction of this Court.

5. Defendant Adkins is the Director of Operations of HLA who also directly supervised and managed Plaintiff at HLA in Savannah, Georgia and is therefore within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff worked for Defendants from April 2017 to May 2020 as a resident care employee.

7. Defendant Yemi and Defendant Adkins exercised sufficient control over HLA and Plaintiff during Plaintiff's employment with HLA.

8. At all times relevant to this action, Yemi was an individual resident of the State of Georgia, who partly owned and operated HLA OVER GEORGIA, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of HLA OVER GEORGIA, LLC. By virtue of having regularly exercised that authority on behalf of HLA OVER GEORGIA, LLC, Yemi is an employer as defined by 29 U.S.C. § 201, et seq.

9. At all times relevant to this action, Adkins was

an individual resident of the State of Georgia, who partly owned and operated HLA OVER GEORGIA, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of HLA OVER GEORGIA, LLC. By virtue of having regularly exercised that authority on behalf of HLA OVER GEORGIA, LLC, Adkins is an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

12. During Plaintiff's employment with Defendants, Defendant HLA earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment with Defendants, Defendant HLA employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

14. Included in such goods, materials and supplies were computers, telephones, medicines, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

15. Therefore, Defendant HLA is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

16. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to properly pay Plaintiff for all hours worked.

17. Plaintiff routinely worked over forty (40) hours per week on behalf of Defendants.

18. However, Defendants failed to pay Plaintiff one and one-half times her hourly rate of pay for the overtime hours she worked. Instead, Defendants only paid Plaintiff her regular hourly rate of pay for the overtime hours she worked.

19. As a result of this practice, Plaintiff was not properly paid overtime compensation by Defendants for the overtime hours she worked.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. Plaintiff was entitled to be paid proper overtime compensation for overtime hours worked for Defendants.

22. During her employment with Defendants, Plaintiff worked overtime hours but was not paid full and complete overtime compensation for all overtime hours for which Plaintiff worked but was instead only paid straight time for such hours.

23. Defendants did not have a good faith basis for its decision to not properly pay Plaintiff full overtime compensation for all overtime hours worked by her during

her employment with Defendants.

24. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full and complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SAMANTHA GRIFFIN, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 26th day of January, 2021.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:    (407) 245-3401
E-mail:        RMorgan@forthepeople.com
*Attorney for Plaintiff*